OPINION OF THE COURT
Alfred J. Weiner, J.
This is an action for specific enforcement of restrictive covenants and written pledges which have been allegedly breached by defendants by allowing the existence of an encroachment.
Defendants move and cross-move for judgment dismissing the complaint for plaintiffs’ lack of standing, failure to state a cause of action, and that there is a complete defense founded upon documentary evidence. Plaintiffs cross-move for summary judgment against defendants.
Plaintiffs are donors, or successors-in-interest to donors, of real property to Rockland County. Rockland County acquired such properties from plaintiffs, for the purpose of creating a public park, from December 30, 1975 through December 29, 1982.
The transfers of properties were made with restrictive covenants that required Rockland County to preserve the donated land wholly as a conservation area and nature sanctuary and that it be used solely for passive recreation. There were also written pledges whereby Rockland County promised that all other properties obtained for inclusion in this park must likewise be used for the same purposes.
On November 30, 1976, Rockland County purchased property from a third party, the Chase Manhattan Mortgage and Realty Trust (CMMRT), with the same restrictive covenant. This property has 8 guy wires located on it connected to 4 anchors that support a 205-foot-tall tower standing on a separate 1-acre parcel that is now owned by defendant Continental. The tower and guy wires were erected in 1968. There is a disagreement between the parties as to whether the guy wires were modified since that date.
Plaintiffs contend these guy wires constitute an encroachment in violation of the restrictive covenants and written pledges. Defendants contend that since the encroachments existed prior to the time the restrictive covenants and pledges were created, plaintiffs cannot utilize the covenants and *292 pledges to seek their removal. Defendants further contend that plaintiffs lack standing to sue since the property where the encroachment is located was transferred to Rockland County by CMMRT, who is not a party in this action.
A third party may equitably enforce a restrictive covenant to which it is not a direct party where the subject parcels are part of a plan or general scheme of development, when the party against whom enforcement is sought had actual or constructive knowledge of that plan or common scheme. (Graham v Beermunder, 93 AD2d 254; Cummins v Colgate Props. Corp., 2 Misc 2d 301.)
In this action, plaintiffs are entitled, as a matter of equity, to enforce the restrictive covenant on the property formerly owned by CMMRT because this property is part of the plan and general scheme of creating a natural park.
Furthermore, plaintiffs clearly have standing to enforce the written pledges made to them by Rockland County to preserve all property obtained for this park as a conservation area and nature sanctuary to be used for passive recreation. Therefore, defendants’ motion to dismiss the complaint for lack of standing is denied.
Concerning the merits of this action, plaintiffs have clearly demonstrated that the encroachments, consisting of guy wires emanating from a tower on property owned by defendant Continental Cablevision, exist on property owned by the defendant Rockland County, and are subject to the restrictive covenant and written pledges.
Defendants have failed to convince this court that since the encroachments predated the restrictive covenants and written pledges, that such fact may constitute a valid defense. This argument is without merit since an encroachment constitutes a continuing trespass which gives rise to successive causes of action, except where barred by acquisition of title or an easement by operation of law. (509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48.)
Therefore, plaintiffs have made out a prima facie case entitling them to summary judgment in that the restrictive covenants and written pledges are being violated by the encroachments. Defendants have failed to demonstrate a triable issue of fact.
Accordingly, plaintiffs are granted summary judgment and defendants’ answers are stricken.