■ WEST BRANCH CONSERVATION ASSOCIATION, INC., et al., Respondents, v COUNTY OF ROCKLAND, Defendant, and CONTINENTAL CABLEVISION, Appellant. [642 NYS2d 966] —In an action for breach of restrictive covenants and written pledges, the defendant Continental Cablevision appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), entered February 10, 1995, as granted that branch of the plaintiffs' cross motion which was for summary judgment against that defendant, and denied that defendant's motion to dismiss the complaint insofar as asserted against it.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' cross motion which was for summary judgment against the defendant Continental Cablevision is denied, and that defendant's motion to dismiss the complaint insofar as asserted against it is granted.

The defendant County of Rockland acquired various parcels of realty from the plaintiffs to create a County park. Contained in the deeds transferring title to those properties was the explicit condition that the land be preserved as a conservation area and nature sanctuary for the benefit of the public and further that all subsequent lands acquired by the County for this project were to be similarly preserved. Additionally, the County also acquired title to a parcel of land from a third party and the deed reflecting this transfer contained the same covenant. The defendant Continental Cablevision (hereinafter Continental) owned a one-acre parcel of land housing a communications tower within the park land. The guy wires from this tower encroached upon the property transferred by the third party to the County. The plaintiffs commenced the instant action against both the County and Continental for breach of the restrictive covenant.

Although, upon a motion pursuant to CPLR 3211 (a) (7), a court must accept the facts alleged in the complaint as true, this does not apply to legal conclusions or to factual claims which are either inherently incredible or flatly contradicted by documentary evidence (*see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 918; *SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328, 331). In their complaint, the plaintiffs in the instant case claimed that the defendant Continental breached a restrictive covenant contained in a neighboring parcel of land yet made no reference to any particular contract

or deed with regard to Continental's property. The plaintiffs did not allege that Continental was a party to any other deed containing a restrictive covenant or that it was aware of any such covenants at the time it obtained title to its own property. As such, the plaintiffs' cause of action against Continental for breach of the restrictive covenant should have been dismissed for failure to state a cause of action (*see,* CPLR 3211 [a] [7]; *Quail Ridge Assocs. v Chemical Bank, supra*).

We find no merit to Continental's remaining contentions. Ritter, J. P., Thompson, Hart and McGinity, JJ., concur. [*See,* 163 Misc 2d 290.]