(February 10, 2003)

■ A.O. Fox Memorial Hospital et al., Appellants, v American Tobacco Company, Inc., et al., Respondents. [754 NYS2d 368] —In an action, inter alia, for restitution and indemnification, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 14, 2001, as granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint for failure to state a cause of action, and (2) from a judgment of the same court, dated January 2, 2002, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs, consisting of approximately 170 New York nonprofit hospitals and a trade association, commenced this action to recover the unreimbursed costs of supplying health care to unspecified consumer's of tobacco products. The defendants include major tobacco companies and a public relations firm. While the complaint pleads 20 independent causes of action, including common-law claims sounding in restitution, indemnification, fraud, negligence, and subrogation, as well as statutory claims pursuant to General Business Law §§ 349 and 350, the primary assertion is that the defendants have systematically conspired "[f]or at least half of a century" to fraudulently conceal the adverse health consequences of using tobacco to shift the health-related costs of smoking to the plaintiffs. The defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7), and the Supreme Court granted the motion. We affirm.

"[A] complaint should not be dismissed on a pleading motion so long as, when the plaintiff is given the benefit of every favorable inference, a cause of action exists" (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 634; *see West Branch Conservation Assn. v County of Rockland,* 227 AD2d 547).

Contrary to the plaintiffs' contention, the Supreme Court properly dismissed the first 19 causes of action in the complaint on the ground that the plaintiffs' purported economic injury is entirely derivative of the tobacco-related harm suffered by the individual patients and therefore too remote to permit recovery (*see Eastern States Health & Welfare Fund v Philip Morris, Inc.,* 188 Misc 2d 638; *Laborers Local 17 Health & Benefit Fund v Philip Morris, Inc.,* 191 F3d 229, *cert denied* 528 US 1080; *Association of Wash. Pub. Hosp. Dists. v Philip Morris, Inc.,* 241 F3d 696, *cert denied* 534 US 891).

The plaintiffs' 20th cause of action to recover damages based on common-law subrogation was properly dismissed because the plaintiffs failed to identify the individual patients and their particular injuries and specify facts which, if proven, would establish liability (*see Eastern States Health & Welfare Fund v Philip Morris, Inc., supra* at 252). Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.