393 F.3d 312
 EMPIRE HEALTHCHOICE, INC.(d/b/a Empire Blue Cross & Blue Shield), Plaintiff-Appellee,
Blue Cross and Blue Shield of New Jersey, Inc., now known as Horizon Healthcare Services, Inc., (d/b/a Blue Cross Blue Shield of New Jersey, Horizon Blue Cross Blue Shield, Horizon Blue Cross Blue Shield of New Jersey, and Horizon BCBSNJ), and its subsidiary, Horizon Health Care of New Jersey, Inc. (d/b/a Medigroup of New Jersey, HMO Blue, and Horizon HMO); BCBSD, Inc. (d/b/a Blue Cross Blue Shield of Delaware); Blue Cross and Blue Shield of Florida, Inc., and its
affiliates, Health Options, Inc. and Capital Group Health Services of Florida, Inc., (d/b/a Capital Health Plan); Blue Cross Blue Shield of Georgia, Inc., and it affiliates HMO Georgia, Inc.; Bluecross and Blueshield of Massachusetts, Inc.; Bluecross Blue Shield of Michigan, and its subsidiary, Blue Care Network of Michigan Incorporated; Blue Cross Blue Shield of Mississippi, A Mutual Insurance Company, and its affiliate HMO of Mississippi, Inc.; Blue Cross and Blue Shield of North Carolina, and its subsidiaries Personal Health Plan of North Carolina, Inc. and Health Maintenance Organization of North Carolina; Blue Cross and Blue Shield of Vermont; California Physicians' Services, (d/b/a Blue Shield of California) and its affiliate, CareAmerica Life Insurance Company; Carefirst of Maryland, Inc., and its subsidiary Free State Health Plan Inc.; Empire Blue Cross and Blue Shield; Group Hospitalization & Medical Services, Inc., d/b/a CareFirst BlueCross BlueShield and subsidiary; Louisiana Health Service & Indemnity Company, Inc., (d/b/a Blue Cross and Blue Shield of Louisiana); Mountain State Blue Cross & Blue Shield, Inc., and its subsidiary, Parker Benefits, Inc., (d/b/a Super Blue HMO); New Hampshire-Vermont Health Service, (d/b/a Blue Cross Blue Shield of New Hampshire) and its subsidiaries, Matthew Thomton Health Plan, Inc., Matthew Thornton Insurance, Inc. and Health Initiatives, Inc.; Healthnow New York, Inc., (d/b/a Blue Cross and Blue Shield of Western New York, Blue Shield of Northern New York); Trigon Insurance Company, (d/b/a Trigon Blue Cross Blue Shield) and its affiliates, Physicians Health Plan, Inc., Healthkeepers, Inc., Priority Health Care, Inc., Peninsula Health Care, Inc., and Trigon Administrators, Inc.; Excellus, Inc., and its subsidiaries, The Finger Lakes Companies, Inc., (and its subsidiaries, Finger Lakes Health Insurance Company, Inc. and Finger Lakes Medical Insurance Company, Inc.), Excellus of Central New York, Inc. (and its subsidiary Excellus Health Plan, Inc.) and Upstate Holding Company, Inc. (and its subsidiary, Utica-Watertown Health Insurance Co., Inc.), Plaintiffs,
v.
PHILIP MORRIS USA INCORPORATED; R.J. Reynolds Tobacco Company; Brown & Williamson Tobacco Corporation; Lorillard Tobacco Company; Liggett Group, Inc. and Liggett & Myers, Inc., Defendants-Appellants,
B.A.T. Industries P.L.C.; British American Tobacco Co.; United States Tobacco; Tobacco Institute, Inc.; Council for Tobacco Research-USA, Inc.; The Smokeless Tobacco Council, Inc.; Hill and Knowlton, Inc.; John Doe, Unknown Corporations A-Z, Defendants.
 Docket No. 02-7276.
 United States Court of Appeals, Second Circuit.
 Argued: February 13, 2003.
 Decided: December 22, 2004.
 
 Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, Judge) denying defendants judgment as a matter of law following a jury verdict finding defendants liable under New York's consumer protection statute, N.Y. Gen. Bus. Law § 349. In an earlier opinion, we reversed in part, and certified two questions to the New York Court of Appeals. See Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 344 F.3d 211 (2d Cir.2003). That Court recently rendered its opinion. Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 3 N.Y.3d 200, 785 N.Y.S.2d 399, 818 N.E.2d 1140 (2004).
 Reversed.
 Murray R. Garnick, Arnold & Porter, Washington, D.C. (Ursula Henninger, Womble Carlyle Sandridge & Rice, Winston-Salem, North Carolina; John B. Williams, Collier, Shannon & Scott LLP, Washington, D.C.; Eric M. Kraus, Kimberly S. Penner, Sedgwick, Detert, Moran & Arnold, New York, New York; William Allinder, Shook, Hardy & Bacon L.L.P., Kansas City, Missouri; Israel Rubin, Alan Mansfield, Stephen Saxl, Greenberg Traurig, LLP, New York, New York; Aaron H. Marks, Leonard A. Feiwus, Kasowitz, Benson, Torres & Friedman LLP, New York, New York, on the brief), for Appellants Phillip Morris USA Incorporated, R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, Lorillard Tobacco Company, Liggett Group, Inc. and Liggett Myers, Inc.
 Paul J. Bschorr (Joseph Angland, Kathleen M. Kacsor, and Michael C. Hefter, on the brief), Dewey Ballantine LLP, New York, New York, for Appellee.
 Before: WALKER, Chief Judge, NEWMAN and CABRANES, Circuit Judges.*
 PER CURIAM.
 
 
 1
 Phillip Morris USA Incorporated, R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, Lorillard Tobacco Company, Liggett Group, Inc. and Liggett & Myers, Inc. appeal from a judgment of the District Court denying them judgment as a matter of law following a jury verdict in favor of plaintiff Empire Healthcare, Inc. (d/b/a Empire Blue Cross & Blue Shield) ("Empire"). The factual underpinnings of Empire's claims against appellants and other defendants below are set forth in three opinions of the District Court. See Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc., 113 F.Supp.2d 345 (E.D.N.Y.2000) (granting in part, and denying in part, defendants' motion for summary judgment); Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc., 178 F.Supp.2d 198 (E.D.N.Y.2001) (denying defendants' motion for judgment as a matter of law and granting plaintiffs' motion for judgment on the jury award); Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc., 190 F.Supp.2d 407 (E.D.N.Y.2002) (awarding attorneys' fees) ("Blue Cross III"). The jury found that all defendants except British American Tobacco Company, Ltd., were liable under New York's consumer protection statute, N.Y. Gen. Bus. Law § 349. It awarded Empire $17,782,426 on Empire's direct claim under N.Y. Gen. Bus. Law § 349, and $11,829,784 on Empire's subrogated claim to recover payments made on behalf of Empire's insureds under N.Y. Gen. Bus. Law § 349. See Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 344 F.3d 211, 215 n. 3 (2d Cir.2003). Judgment was entered on both claims, but because the damages for the subrogated claim were subsumed within the damages for the direct claim, Empire's recovery was limited to $17,782,426. Id. The District Court subsequently awarded attorneys' fees to Empire, Blue Cross III, 190 F.Supp.2d 407. In an opinion dated September 16, 2003, we reversed the District Court's judgment on Empire's subrogated claim. See Blue Cross, 344 F.3d at 217-18. We also found that Empire's direct claim "will be actionable only if: (1) the claims are not considered too remote under Section 349, and (2) Section 349 does not require individualized proof of harm to subscribers." Id. at 229. We then certified two questions to the New York Court of Appeals:
 
 
 2
 1. Are claims by a third party payer of health care costs seeking to recover costs of services provided to subscribers as a result of those subscribers being harmed by a defendant's or defendants' violation of N.Y. Gen. Bus. Law § 349 too remote to permit suit under that statute?
 
 
 3
 2. If such an action is not too remote to permit suit, is individualized proof of harm to subscribers required when a third party payer of health care costs seeks to recover costs of services provided to subscribers as a result of those subscribers being harmed by a defendant's or defendants' violation of N.Y. Gen. Bus. Law § 349?
 
 
 4
 Id. We reserved judgment on the award of attorneys' fees, pending the outcome of the certification process. Id. at 228.
 
 
 5
 The New York Court of Appeals accepted certification on October 30, 2003, see Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA, Inc., 100 N.Y.2d 636, 769 N.Y.S.2d 196, 801 N.E.2d 417 (2003), and has now rendered its decision, Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 3 N.Y.3d 200, 785 N.Y.S.2d 399, 818 N.E.2d 1140 (2004). It responded to the first question in the affirmative, thereby rendering the second question academic. Id.
 
 
 6
 In an order entered on November 4, 2004, we requested supplemental briefing from the parties in light of the decision of the New York Court of Appeals. Pursuant to an unopposed request from appellants, we reverse the judgment of the District Court, including the award of attorneys' fees, and remand the case to the District Court with instructions to enter judgment with prejudice in defendants' favor on all of Empire's claims.
 
 
 
 Notes:
 
 
 *
 In accordance with the Rules of this Court, 2d Cir. R. 0.14(b), Chief Judge Walker and Judge Newman have been designated to replace the Honorable Ellsworth Van Graafeiland and the Honorable Fred I. Parker, members of this panel who died after oral arguments were heard in this case on February 13, 2003