396 F.3d 508
 Ashley PELMAN, a child under the age of 18 years, by her mother and natural guardian, Roberta Pelman, Roberta Pelman, Individually, Jazlen Bradley, a child under the age of 18 years, by her father and natural guardian, Isreal Bradley, and Isreal Bradley, Individually, Plaintiffs-Appellants,
v.
McDONALD'S CORPORATION, McDonald's Restaurants of New York, Inc., McDonald's, 1865 Bruckner Boulevard, Bronx, New York and McDonald's, 2630 Jerome Avenue, Bronx, New York, Defendants-Appellees.
 No. 03-9010.
 United States Court of Appeals, Second Circuit.
 Argued: October 13, 2004.
 Decided: January 25, 2005.
 
 1
 Samuel Hirsch, Samuel Hirsch & Associates, P.C., New York, New York, for Plaintiffs-Appellants.
 
 
 2
 Bradley E. Lerman, Winston & Strawn LLP, New York, New York (Thomas J. Quigley, Bruce R. Braun, Scott P. Glauberman, on the brief), Anne G. Kimball and Sarah L. Olson, Wildman, Harrold, Allen & Dixon, Chicago, Illinois, of counsel, for Defendants-Appellees.
 
 
 3
 Before: KEARSE and CALABRESI, Circuit Judges, and RAKOFF, District Judge.*
 
 
 4
 RAKOFF, District Judge.
 
 
 5
 In this diversity action, plaintiffs Ashley Pelman and Jazlen Bradley, by their respective parents, Roberta Pelman and Isreal Bradley, appeal from the dismissal, pursuant to Rule 12(b)(6), Fed.R.Civ.P., of Counts I-III of their amended complaint. See Pelman v. McDonald's Corp., 2003 WL 22052778 (S.D.N.Y. Sept. 3, 2003), 2003 U.S. Dist. LEXIS 15202 ("Pelman II").[1] Each of the these counts purports to allege, on behalf of a putative class of consumers, that defendant McDonald's Corporation[2] violated both § 349 and § 350 of the New York General Business Law, commonly known as the New York Consumer Protection Act, during the years 1987 through 2002.
 
 
 6
 Specifically, Count I alleges that the combined effect of McDonald's various promotional representations during this period was to create the false impression that its food products were nutritionally beneficial and part of a healthy lifestyle if consumed daily. Count II alleges that McDonald's failed adequately to disclose that its use of certain additives and the manner of its food processing rendered certain of its foods substantially less healthy than represented. Count III alleges that McDonald's deceptively represented that it would provide nutritional information to its New York customers[3] when in reality such information was not readily available at a significant number of McDonald's outlets in New York visited by the plaintiffs and others. The amended complaint further alleges that as a result of these deceptive practices, plaintiffs, who ate at McDonald's three to five times a week throughout the years in question, were "led to believe[ ] that [McDonald's] foods were healthy and wholesome, not as detrimental to their health as medical and scientific studies have shown, ... [and] of a beneficial nutritional value," and that they "would not have purchased and/or consumed the Defendant's aforementioned products, in their entire[t]y, or on such frequency but for the aforementioned alleged representations and campaigns." Finally, the amended complaint alleges that, as a result, plaintiffs have developed "obesity, diabetes, coronary heart disease, high blood pressure, elevated cholesterol intake, related cancers, and/or other detrimental and adverse health effects...."
 
 
 7
 What is missing from the amended complaint, however, is any express allegation that any plaintiff specifically relied to his/her detriment on any particular representation made in any particular McDonald's advertisement or promotional material. The district court concluded that, with one exception, the absence of such a particularized allegation of reliance warranted dismissal of the claims under § 350 of the New York General Business Law, which prohibits false advertising. Pelman II, 2003 U.S. Dist. LEXIS 15202, at *25-*26. As to the exception — involving McDonald's representations that its French fries and hash browns are made with 100% vegetable oil and/or are cholesterol-free — the district court found that, while the amended complaint might be read to allege implicit reliance by plaintiffs on such representations, see id., at *30, the representations themselves were objectively nonmisleading, see id., at *35.
 
 
 8
 Although plaintiffs' notice of appeal states that they challenge the judgment "dismissing the Plaintiffs' Amended Complaint," their brief on appeal contains no argument as to why the district court's dismissal of the claims asserted under § 350 was incorrect. Accordingly, we regard any challenge to the dismissal of the § 350 claims as abandoned. See generally Otero v. Bridgeport Hous. Auth., 297 F.3d 142, 144 (2d Cir.2002); Day v. Morgenthau, 909 F.2d 75, 76 (2d Cir.1990); Fed. R.App. P. 28(a)(9).
 
 
 9
 Plaintiffs' appellate brief does, however, challenge the district court's dismissal of the claims under § 349 of the New York General Business Law, which makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." Unlike a private action brought under § 350, a private action brought under § 349 does not require proof of actual reliance. See Stutman v. Chem. Bank, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000).[4] Additionally, because § 349 extends well beyond common-law fraud to cover a broad range of deceptive practices, see Gaidon, 94 N.Y.2d at 343, 704 N.Y.S.2d 177, 725 N.E.2d 598, and because a private action under § 349 does not require proof of the same essential elements (such as reliance) as common-law fraud, an action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b), Fed.R.Civ.P., but need only meet the bare-bones notice-pleading requirements of Rule 8(a), Fed.R.Civ.P., see generally Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).
 
 
 10
 Although the district court recognized that § 349 does not require proof of reliance, the district court nonetheless dismissed the claims under § 349 because it concluded that "[p]laintiffs have failed, however, to draw an adequate causal connection between their consumption of McDonald's food and their alleged injuries." Pelman II, 2003 U.S. Dist. LEXIS 15202, at * 30. Thus, the district court found it fatal that the complaint did not answer such questions as:
 
 
 11
 What else did the plaintiffs eat? How much did they exercise? Is there a family history of the diseases which are alleged to have been caused by McDonald's products? Without this additional information, McDonald's does not have sufficient information to determine if its foods are the cause of plaintiffs' obesity, or if instead McDonald's foods are only a contributing factor.
 
 
 12
 Id. at *33. This, however, is the sort of information that is appropriately the subject of discovery, rather than what is required to satisfy the limited pleading requirements of Rule 8(a), Fed.R.Civ.P. As a unanimous Supreme Court stated in Swierkiewicz:
 
 
 13
 This simplified notice pleading standard [of Rule 8(a)] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court."
 
 
 14
 534 U.S. at 512-13, 122 S.Ct. 992 (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1202, at 76 (2d ed.1990)) (internal citations omitted). So far as the § 349 claims are concerned, the amended complaint more than meets the requirements of Rule 8(a).[5]
 
 
 15
 Accordingly, the district court's dismissal of those portions of Counts I-III of the amended complaint as alleged violations of § 349 is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 *
 The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 The district court (Robert W. Sweet,Judge) had previously dismissed the original complaint without prejudice to re-plead. See Pelman v. McDonald's Corp., 237 F.Supp.2d 512, 543 (S.D.N.Y.2003) ("Pelman I"). Plaintiffs then filed a four-count amended complaint, but thereafter voluntarily dismissed Count IV. See Pelman II, 2003 U.S. Dist. LEXIS 15202, at *5. In addition, in Pelman II, the district court dismissed as time-barred the individual claims of the parent co-plaintiffs, see id., at * 18, and plaintiffs have not challenged this determination on appeal.
 
 
 [2]
 Although the official caption continues to reference the original defendants — namely, McDonald's Corporation, McDonald's Restaurants of New York, Inc., McDonald's, 1865 Bruckner Boulevard, Bronx, New York, and McDonald's, 2630 Jerome Avenue, Bronx, New York — the amended complaint, the notice of appeal, and Appellants' brief name McDonald's Corporation as the sole defendant
 
 
 [3]
 According to the amended complaint, McDonald's had entered into an agreement in 1987 with the New York State Attorney General to
 provide [nutritional] information in easily understood pamphlets or brochures which will be free to all customers so they could take them with them for further study [and] to place signs, including in-store advertising to inform customers who walk in, and drive through information and notice would be placed where drive-through customers could see them.
 
 
 [4]
 Originally this was because the statute, which applies to a broad range of deceptive practices regardless of the perpetrator's intent, was only enforceable by the Attorney GeneralSee Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris, Inc., 3 N.Y.3d 200, 205, 785 N.Y.S.2d 399, 818 N.E.2d 1140 (2004); Gaidon v. Guardian Life Ins. Co. of Am., 94 N.Y.2d 330, 343, 704 N.Y.S.2d 177, 725 N.E.2d 598 (1999); N.Y. Gen. Bus. Law §§ 349(a)-(b). In 1980, however, § 349 was amended to provide a private right of action for "any person who has been injured by reason of any violation of this section." See N.Y. Gen. Bus. Law § 349(h). While the "by reason of" language might have been read to require reliance, as was the case with respect to the comparable language of § 350-e(3) permitting a private right of action under § 350, the New York courts, in keeping with the prophylactic purposes of § 349, instead required that a plaintiff seeking to recover under § 349 show only that the practice complained of was objectively misleading or deceptive and that he had suffered injury "as a result" of the practice. See Stutman. 95 N.Y.2d at 29, 709 N.Y.S.2d 892, 731 N.E.2d 608.
 
 
 [5]
 Although the district court also dismissed the § 349 claims on the ground that plaintiffs' allegations of a generalized campaign to create a false impression were vague and conclusory,see Pelman II, 2003 U.S. Dist. LEXIS 15202, at *22-*26, the cure for such deficiencies, in a claim not required to be plead with particularity, is a motion for a more definite statement under Rule 12(e), Fed.R.Civ.P., rather than dismissal, see Swierkiewicz, 534 U.S. at 514-15, 122 S.Ct. 992. As for the district court's finding that McDonald's representations regarding its French fries and hash browns were objectively nonmisleading, the § 349 claims are not subject to dismissal on that basis given that the amended complaint alleges the deceptiveness of many other representations.