PAULA FASSO et al., Respondents, and INDEPENDENT HEALTH ASSOCIATION, INC., Intervenor-Appellant, v RALPH J. DOERR, M.D., Respondent. [848 NYS2d 799]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered June 1, 2006 in a medical malpractice action. The order and judgment, among other things, denied the motion of plaintiff-intervenor for a mistrial and dismissed the complaint in intervention of plaintiff-intervenor.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs (hereafter, Fassos) commenced this medical malpractice action seeking damages for injuries sustained by Paula Fasso (plaintiff). Supreme Court granted the motion of Independent Health Association, Inc. (IHA), plaintiff's health insurer, for an order, inter alia, permitting it to intervene in the action to assert a cause of action for equitable subrogation and directing that the caption be amended to add it as "a

party Plaintiff." On the second day of trial, the Fassos and defendant informed the court that they had reached a settlement agreement of $900,000, and defendant's attorney stated on the record that the agreement satisfied both the Fassos' medical malpractice action and IHA's cause of action for equitable subrogation. The court thereafter noted on the record that "it is abundantly clear that [plaintiff] is not made whole by this sum. As such, it does not give rise to any claim of equitable subrogation on the part of [IHA]." The attorney for IHA stated on the record that it was objecting to the settlement of the cause of action for equitable subrogation because it had not been involved in settlement negotiations, but that it was "not objecting to the settlement [between the Fassos and defendant]." Rather, IHA was "objecting to not being able to pursue [its] subrogation claims after the settlement," in view of the fact that the policy coverage of $1.1 million was not exhausted. IHA moved for a mistrial "with regard to [IHA's] claims that are pending in this matter because as far as [IHA was] concerned, they're not resolved by this settlement." In denying IHA's motion, the court stated that IHA had represented to the court that its role was subordinated to that of the Fassos and that, "[t]o permit [IHA] to thwart settlement would elevate [its] role from subordinate to controlling . . . ." The court sua sponte dismissed IHA's "Complaint in Intervention."

We affirm. The rights of a health insurer in an equitable subrogation action are derived from the injured plaintiff (*see Federal Ins. Co. v Arthur Andersen & Co.*, 75 NY2d 366, 372 [1990]; *Humbach v Goldstein*, 229 AD2d 64, 67 [1997], *lv dismissed* 91 NY2d 921 [1998]; *see generally Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d 200, 206 [2004]), and a health insurer therefore has no right to control the settlement of the injured plaintiff's action. Here, the settlement agreement between the Fassos and defendant was expressly conditioned on the satisfaction of both plaintiffs' medical malpractice action and IHA's equitable subrogation cause of action. The continuation of IHA's action against defendant would have nullified that settlement. We thus conclude that the court did not err in dismissing IHA's "Complaint in Intervention," albeit sua sponte. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.