■ AIG PROPERTY CASUALTY COMPANY, as Subrogee of Donstev, LLC, Respondent, v SHWETA MODI, Appellant. [62 NYS3d 262]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered September 26, 2016, which, to the extent appealed from, granted plaintiff's motion to amend the complaint, unanimously reversed, on the law, without costs, and the motion denied. The Clerk is directed to enter judgment dismissing the complaint.

This subrogation action to recover payment for water damage to plaintiff's insureds' condominium unit as a result of leaks from frozen pipes in defendant's unit is precluded by the insureds' failure to procure a waiver of subrogation in the policy issued by plaintiff, as required by the condominium by-laws (*see Agostinelli v Stein*, 17 AD3d 982 [4th Dept 2005], *lv dismissed* 5 NY3d 824 [2005]). The proposed amendment to add a cause of action premising the occurrence on defendant's breach of the unit owners' maintenance obligation under the by-laws was a mere subterfuge designed to evade the effect of the insureds' failure to obtain a subrogation provision (*see Gap v Red Apple Cos.*, 282 AD2d 119, 125-126 [1st Dept 2001]). We note that plaintiff does not point to language in the by-laws similar to the language in the commercial lease relied upon in *Viacom Intl. v Midtown Realty Co.* (193 AD2d 45 [1st Dept 1993]) in which we held that the waiver of subrogation provision did not bar a subrogation claim based on breach of contract. Concur—Manzanet-Daniels, J.P., Mazzarelli, Moskowitz, Kahn and Kern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD WILLIAMS, Appellant. [62 NYS3d 263]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Larry Stephen, J.), rendered on or about January 11, 2016, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Manzanet-Daniels, J.P., Mazzarelli, Moskowitz, Kahn and Kern, JJ.