Aspen Am. Ins. v Newman (2022 NY Slip Op 01231)





Aspen Am. Ins. v Newman


2022 NY Slip Op 01231


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Index No. 161070/17 Appeal No. 15379 Case No. 2021-03512 

[*1]Aspen American Insurance as Subrogee of 2900 Ocean Condominium, Plaintiff-Respondent,
v
Philip Newman et al., Defendants-Appellants.


Sweetbaum & Sweetbaum, Lake Success (Joel A. Sweetbaum of counsel), for appellants.
Rosner Nocera & Ragone, LLP, New York (Eliot L. Greenberg of counsel), for respondent.



Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered August 16, 2021, which denied defendants' motion to dismiss the complaint or, alternatively, for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment dismissing the complaint.
After a fire broke out in the condominium unit owned by defendants, causing damage to the building, plaintiff, the condominium building's insurer, commenced this subrogation action to recover for amounts it had paid to the condominium to reimburse it for its loss, plus interest.
Plaintiff is precluded from maintaining this subrogation action. Parties to an agreement may waive their insurer's right of subrogation (see Kaf-Kaf, Inc. v Rodless Decorations, 90 NY2d 654, 660 [1997]), since the insurer's rights against a third party are derivative and limited to the rights the insured would have against that third party (Nationwide Mut. Ins. Co. v U.S. Underwriters Ins. Co., 151 AD3d 504, 505 [1st Dept 2017]). Here, the condominium bylaws required the condominium to obtain a policy containing a waiver of subrogation to the extent such a policy was obtainable. Thus, because the policy issued by plaintiff allowed the condominium to waive subrogation, the bylaws required it to do so.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022