## Privilege Underwriters Reciprocal Exch. v SBP N.Y., LLC

2024 NY Slip Op 32217(U)

July 1, 2024

Supreme Court, New York County

Docket Number: Index No. 152866/2021

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DAVID B. COHEN**        PART             58

*Justice*

----------------------------------------------------------------------X

PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE
as subrogee of THOMAS PETERFFY and 432 PARK
AVENUE #84A LTD.,

Plaintiff,

- v -

SBP NEW YORK, LLC, PEMBROOKE & IVES INC., STH
PAINTING, INC., REN INTERIORS, LLC, FRESCO
DECORATIVE PAINTING, INC., RAEL AUTOMATIC
SPRINKLER CO., INC., LEWIS A. SANDERS and ALICE
SANDERS,

Defendants.

----------------------------------------------------------------------X

AND THIRD-PARTY ACTIONS.

| | |
|---|---|
| INDEX NO. | 152866/2021 |
| MOTION DATE | |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002)
74,75,76,77,78,79,80,81,82,83,84,85,86,87,88,89,90,91,92,93,94,95,96,103,104,105,106,107,108,109,
110,111,112,113,114,115,116,117.

were read on this motion to/for                 DISMISS              .

In this subrogation action, defendants Lewis A. Sanders and Alice Sanders (collectively,

Sanders) move pursuant to CPLR 3211(a)(1) and (a)(7) for an order dismissing plaintiff's

complaint and the cross-claims asserted against them by defendants Pembrooke & Ives Inc., STH

Painting, Inc., Ren Interiors, LLC, Fresco Decorative Paintings, Inc., and Rael Automatic

Sprinkler CO., Inc. (collectively, Cross-Claimants).

## I.      PERTINENT BACKGROUND

Subrogors Thomas Peterffy and 432 Park Avenue #84A LTD (collectively, Peterffy) and

defendants Sanders owned separate residential units in a mixed-use luxury condominium

building located at 432 Park Avenue in Manhattan. The complaint alleges that on April 1, 2018,

[* 1]

a fire broke out in Sanders' apartment unit, which was undergoing renovations, and allegedly caused damage to personal property owned by Peterffy in the amount of $643,000.

As a result, Peterffy submitted a claim to plaintiff, his insurance provider, in accordance with his insurance policy, and plaintiff reimbursed Peterffy $393,000 after applying a $250,000 policy deductible.

In the instant action, plaintiff asserts causes of action for negligence and breach of contract against defendants, and Cross-Claimants assert claims for common-law indemnification and contribution against Sanders. Fresco and STH have also assert cross-claims for contractual indemnification against Sanders.

## II.       DISCUSSION

Sanders argues that plaintiff's claims against them are precluded pursuant to the governing bylaws of their condominium, by which Peterffy waived the right to sue in subrogation, and that the cross-claims are improper because Sanders never exercised supervisory control over the renovation project. Plaintiffs contend that the waiver of subrogation rights in the bylaws do not bar distinct claims for breach of an alteration agreement that supplemented the bylaws, and Cross-Claimants maintain that Sanders's motion is premature and that there is no legal basis for dismissal.

On a motion pursuant to CPLR 3211(a)(1), "a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). Dismissal of a complaint pursuant to CPLR 3211(a)(7) requires that the pleading "be afforded a liberal construction" (*see id.*; CPLR 3026), and "[The court must] accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged

**152866/2021   PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE vs. SBP NEW YORK, LLC**          **Page 2 of 5**
    **Motion No.  002**

2 of 5

fit within any cognizable legal theory" (*Leon*, 84 NY2d at 87-88 [1994]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]).

"Condominium governance . . . is guided by the bylaws adopted by the association . . . [and] are in essence, an agreement among all of the individual unit owners as to the manner in which the condominium will operate, and which set forth the respective rights and obligations of unit owners, both with respect to their own units and the condominium's common elements" *(Board of Mgrs. of the 28 Cliff St. Condominium v Maguire*, 191 AD3d 25, 29 [1st Dept 2020] [internal quotation marks and citation omitted]).

Here, the parties' condominium was governed by three sets of bylaws: the Residential ones governing the use and occupancy of residential units, the Commercial ones governing the use and occupancy of commercial units, and the Condominium ones governing the use and occupancy of the entire condominium (NYSCEF Doc. No. 76 at ¶30-31; Doc. No. 105 at ¶5).

Section 6.4.2 of the Residential bylaws, entitled "Insurance," states,

> All policies obtained by any Residential Unit Owner, or by the Residential Board on behalf of the Residential Section or the Residential Unit Owners, shall provide that the liability of the carriers issuing insurance obtained by the Condominium Board shall not be affected or diminished by reason of any additional insurance carried by the Residential Board or any other Unit Owner and shall contain a waiver of the insurer's right of subrogation against the Condominium Board, the Residential Board and any Unit Owner.

(Doc. No. 89).

Pursuant to the clear terms of the Residential bylaws, all insurance policies obtained by residential unit owners were required to contain a subrogation waiver, and therefore plaintiff and its subrogors waived the right to sue Sanders to recover any insurance proceeds paid by plaintiff (*see Aspen Ins. Co. v Newman*, 202 AD3d 613 [1st Dept 2022] [insurer's lawsuit for insurance payments made to condominium to reimburse it for property damage allegedly caused by fire in

**152866/2021   PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE vs. SBP NEW YORK, LLC**          **Page 3 of 5**
  **Motion No.  002**

3 of 5

[* 3]

defendants' condominium unit was barred as bylaws required policy containing waiver of subrogation rights]; *Allstate Indem. Co. v Virfra Holdings*, LLC, 124 AD3d 528, 528 [1st Dept 2015] [valid subrogation waiver precludes action to recover insurance payments]).

Plaintiff's argument that the Condominium bylaws required a waiver of subrogation only in certain insurance policies is unavailing, as the applicable bylaws here are the Residential ones, given that the fire occurred in a residential unit and damage was allegedly caused to another residential unit, and those bylaws require a subrogation waiver in all insurance policies. Sanders thus demonstrates that the documentary evidence here, the bylaws, conclusively establish a defense to plaintiff's subrogation claims.

Turning to the Cross-Claimants, their claims for common-law indemnification and contribution must be dismissed as they fail to allege any duty, act, or omission on the part of Sanders which would render Sanders liable in negligence (*Ramos v 200 W. 86 Apts. Corp.*, 179 AD3d 473, 473 [1st Dept 2020]; *see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 376 [2011] [duty imposed on those who actually supervised the work]).

The FRESCO and STH claims for contractual indemnification must also be dismissed, as these parties do not allege that a contract actually existed between them and Sanders, a point that FRESCO concedes (Doc. No. 111 at ¶4). "In order to state a cause of action to recover damages for a breach of contract, the [movant's] allegations must identify the provisions of the contract that were breached" (*34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022]) quoting *Barker v Time Warner Cable, Inc.*, 83 AD3d 750, 751 [2d Dept 2011]), which Fresco and STH fail to do here.

Finally, while CPLR 3211(d) provides a court with discretion to deny a motion to dismiss if it appears that "'facts essential to justify opposition may exist but cannot then be stated'"

**152866/2021   PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE vs. SBP NEW YORK, LLC       Page 4 of 5**
**Motion No.  002**

4 of 5

(*Lemle v Lemle*, 92 AD3d 494, 499 [1st Dept 2012], quoting CPLR 3211[d]), Cross-Claimants do not set forth any basis for finding that additional discovery exists which could support their cross-claims for indemnification or contribution.

Accordingly, it is hereby

ORDERED, that plaintiffs' subrogation claims against defendants Lewis A. Sanders and Alice Sanders are severed and dismissed; it is further

ORDERED, that all cross-claims asserted against defendants Sanders are severed and dismissed; it is further

ORDERED, that the clerk is directed to enter judgment accordingly; and it is further

ORDERED, that the remaining parties appear for the previously-scheduled status conference on September 24, 2024 at 9:30 am.

| **7/1/24** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **DAVID B. COHEN, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | | |
| | X GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**152866/2021   PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE vs. SBP NEW YORK, LLC          Page 5 of 5**
   **Motion No.  002**

5 of 5