**American Home Assur. Co. v SBP N.Y., LLC**

2024 NY Slip Op 34466(U)

December 23, 2024

Supreme Court, New York County

Docket Number: Index No. 152177/2019

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** <u>HON. DAVID B. COHEN</u><br>*Justice* | **PART** 58 |

------------------------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, WESTPORT INSURANCE CORPORATION AS SUBROGEE OF 432 PARK AVENUE CONDOMINIUM,

Plaintiff,

- v -

SBP NEW YORK, LLC,PEMBROOKE & IVES INC.,STH PAINTING, INC.,FRESCO DECORATIVE PAINTING, INC.,RAEL AUTOMATIC SPRINKLER CO., INC.,LEWIS A. SANDERS, ALICE SANDERS, REN INTERIORS, LLC,

Defendant.

------------------------------------------------------------------------X

STH PAINTING, INC.

Plaintiff,

-against-

TRZASKA CONSTRUCTION CORP.

Defendant.

------------------------------------------------------------------------X

SBP NEW YORK, LLC

Plaintiff,

-against-

I.J. PEISER'S SONS, INC.

Defendant.

------------------------------------------------------------------------X

SBP NEW YORK, LLC

Plaintiff,

-against-

| | |
|---|---|
| **INDEX NO.** | 152177/2019 |
| **MOTION DATE** | 06/21/2023,<br>05/31/2024 |
| **MOTION SEQ. NO.** | 004 006 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595904/2022

Second Third-Party
Index No. 595355/2023

Third Third-Party
Index No. 595341/2024

152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC
Motion No. 004 006

Page 1 of 20

PEMBROOKE & IVES, INC., S.T.H. PAINTING INC., REN INTERIORS, LLC, FRESCO DECORATIVE PAINTING, INC., RAEL AUTOMATIC SPRINKLER CO., INC., TRZASKA CONSTRUCTION, LLC, LEWIS SANDERS, JOHN DOES

                                    Defendant.

-----------------------------------------------------------------------------X

SBP NEW YORK, LLC                                    Fourth Third-Party
                                                     Index No. 595532/2024
                        Plaintiff,

                    -against-

G&R FLOOR SOLUTION, INC.

                                    Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 253, 269, 270, 271, 272, 273, 274, 276, 277, 278, 279, 280, 281, 282

were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 323, 325, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 342

were read on this motion to/for                    DISMISS                    .

Motion sequences 004 and 006 are consolidated for disposition. In motion sequence 004, defendant/third third-party defendants Lewis A. Sanders and Alice Sanders (collectively, the Sanders) move for an order dismissing the first-party complaint and all cross-claims against them pursuant to CPLR §§ 3211(a)(1) and (7) (NY St Cts Elec Filing [NYSCEF] Doc No. 223).

In motion sequence 006, defendant/third third-party defendant Pembrooke & Ives, Inc. (Pembrooke) moves for an order dismissing the third third-party complaint as against it pursuant to CPLR §§ 3211(a)(1), (4), and (7) (NYSCEF Doc No. 304).

I. Pertinent Background

This subrogation action and related third-party actions arise from a fire that occurred on April 1, 2018 in a residential and commercial condominium building located at 432 Park Avenue

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**                    **Page 2 of 20**
**Motion No. 004 006**

in Manhattan (NYSCEF Doc No. 225).[1] In February 2019, plaintiffs American Home Assurance Company, Zurich American Insurance Company, Continental Casualty Company, and Westport Insurance Corporation (collectively, American Home) commenced the subrogation action as subrogees of the building's residential condominium association, 432 Park Avenue Condominium (432 PAC), against eight defendants: the Sanders, Pembrooke, defendant/second third-party plaintiff/third third-party plaintiff/fourth third-party plaintiff SBP New York, LLC (SBP), defendant/third-party plaintiff/third third-party defendant STH Painting, Inc. (STH), and defendants/third third-party defendants Ren Interiors, LLC (Ren), Fresco Decorative Painting, Inc. (Fresco), and Rael Automatic Sprinkler Co., Inc. (Rael). American Home seeks a judgment of at least $6 million in damages (NYSCEF Doc No. 226).

According to the complaint, the fire started in an apartment owned by the Sanders in connection with an apartment renovation project. It is alleged that Mr. Sanders retained SBP to serve as construction manager for the renovation project and SBP, in turn, retained Pembrooke as the project's interior designer. Rael was the project's plumbing subcontractor under a contract between SBP and Pembrooke. As for STH, Ren, and Fresco, the pleading describes them as the project's painting subcontractors, and alleges, upon information and belief, that each had a contract with SBP. It is also alleged in the complaint that American Home paid $470,485 to 432 PAC for the property damage, and consequently became subrogated to 432 PAC's claims.

American Home advances both negligence and breach of contract causes of action. It alleges that defendants' negligence caused the fire and the resulting damage to its subrogees' property. The breach of contract claims are based on three agreements, exhibits A, B, and C to the complaint.

_____

[1] Four other actions and their related third-party actions arise from the fire at 432 Park Avenue in Manhattan. The actions have been previously joined for discovery (NYSCEF Doc No. 308, so-ordered stipulation dated April 4, 2022).

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**
**Motion No.  004 006**

**Page 3 of 20**

[* 3]

Exhibit A is an "Alteration Agreement" signed by the general manager of 432 PAC's residential section and Mr. Sanders, and American Home alleges that the Sanders' signature thereon was a prerequisite for the renovation work. It also contends that the Sanders breached the Alteration Agreement by not indemnifying American Home for damages that stemmed from the renovation work and by not accepting sole responsibility for same.

At issue here are paragraphs 5, 6, 10, and 20 of the Alteration Agreement. Paragraph 5, entitled "Work Done at Residence Owner's Risk," reads in part that:

> Any damage to the Residence or other areas of the Building…caused by or resulting from the Work, shall be covered by the insurance coverage required of Residence Owner and Residence Owner's contractor(s) or subcontractor(s), as the case may be.
>
> However, the existence of such insurance shall not relieve Residence Owner of liability thereof. If the Board or the Resident Manager or the Managing Agent advises Residence Owner of any damage, which [they deem] caused by the Work, Residence Owner shall promptly submit such claim to Residence Owner's insurance carrier and to Residence Owner's contractor(s) or subcontractor(s) for submission to their insurance carrier, as appropriate.

(NYSCEF Doc No. 242 at 9-10).

> Paragraph 6, entitled "Indemnification by Residence Owner," reads:
>
> Residence Owner hereby indemnifies and holds harmless the Condominium, the Board and the Condominium Board both individually and as agents for and on behalf of all Residence owners, the Condominium's Engineer and employees, the Managing Agent, and all Residence Owners and residents of the Building against any damages suffered to persons or property as a result of the Work. Residence Owner shall reimburse the Condominium and/or Residential Section, the Condominium's Engineer, Managing Agent, and other Residence Owners and residents of the Building for any losses, costs, fines, fees and expenses (including, without limitation, reasonable attorney's fees and disbursements) incurred as a result of the Work and/or the Residence Owners or any contractors or consultant's failure to conform with this Agreement or any law or ordinance and which may be incurred by the Condominium and/or the Residential Section in the defense of any suit, action, claim or violation in connection with the Work or the abatement thereof.

(*id*. at 10).

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**
**Motion No.  004 006**

**Page 4 of 20**

4 of 20

Paragraph 10, entitled "Residence Owners (sic) Responsibility for Consequences of Work," states in part that the "Residence Owner…assume(s) all risks of damage to the Building…which may result from or be attributable to the performance or existence of the Work and the maintenance and repair of any alterations and installations in the Residence after completion" (*id*. at 12). It further states that "this obligation supersedes any conflicting provisions of the Condominium's governing documents regarding, among other things, the responsibility for repairs and covers all aspects of the Work, whether or not structural, including…weather tightness of windows, exterior walls or roofs, waterproofing…and the maintenance of all Work" (*id*. at 13).

Paragraph 20, entitled "Acceptance of Responsibility by Residence Owner and Residence Owner's Successor in Interest," reads in part that:

> The Residence Owner releases the Condominium…the Board and Condominium Board…*from any liability for damage to the portions of the Building or the Residence affected by the Work which may occur in the performance of building maintenance repairs*. The Residence Owner accepts sole responsibility for the Work and costs in connection with the maintenance, repair, restoration or replacement of any portions of the Residence affected by the Work.

(*id*. at 17 [emphasis added]).

Exhibit B is an "Assumption of Alteration Agreement" between Pembrooke and Mr. Sanders, and it is alleged that Pembrooke breached both the Alteration Agreement and the Assumption of Alteration Agreement by not indemnifying American Home for the damages that stemmed from the renovation work and by not accepting sole responsibility for same. Exhibit C is an "Access Agreement" between 432 PAC's residential board of managers and SBP, and SBP allegedly breached it by not indemnifying plaintiff for damages caused by the renovation work.[2]

---

[2] Unlike the breach of contract claims against the Sanders and Pembrooke, the breach of contract claim against SBP does not allege that SBP rejected sole responsibility for the damages.

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**
**Motion No.  004 006**

**Page 5 of 20**

[* 5]

5 of 20

Also pertinent here are various provisions of the Condominium and Residential bylaws, including subsections 11.8.3(a) and (c) and 11.9 of the Condominium bylaws, and Subsection 6.4.2 of the Residential bylaws (NYSCEF Doc No. 224). Subsections 11.8.3(a) and (c) of the Condominium bylaws provide that the required insurance policies for "Special Causes of Loss or other property coverage [shall] contain a waiver of the insurer's right of subrogation against the Unit Owners [and] the Boards" (NYSCEF Doc No. 239 at 117).

Section 11.9 of the Condominium bylaws, entitled "Waiver of Subrogation," provides in part that:

> Each of the Boards and the Unit Owners…releases and waives for itself, and each Person claiming by, through or under it, each other Unit Owner and all Boards…from any liability for any loss or damage to all property of such Releasing Party located upon any portion of the Property, which loss or damage is of the type covered by 'All-Risk' or Comprehensive Boiler & Machinery property insurance policies required to be carried under these By-Laws, irrespective either of any negligence on the part of the Released Party which may have contributed to or caused such loss, or of the amount of such insurance required or actually carried, including any deductible.

(*id*. at 120).

Subsection 6.4.2 of the Residential bylaws provides that "[a]ll policies obtained by any Residential Unit Owner, or by the Residential Board on behalf of the Residential Section or the Residential Unit Owners…shall contain a waiver of the insurer's right of subrogation against the Condominium Board, the Residential Board and any Unit Owner" (*id*. at 195).

Subsection 8.1.1 of the Condominium bylaws and Subsection 6.7.1(a)(i) of the Residential bylaws both provide that the respective Board may require that a unit owner sign an alteration agreement before the Board will consent to alterations in the unit (NYSCEF Doc No. 239 at 98 and 199, respectively).

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**     **Page 6 of 20**
**Motion No.  004 006**

6 of 20

Subsection 8.1.3 of the Condominium bylaws provides in pertinent part that "[a] Unit Owner making or causing…any Alteration shall be deemed to have agreed to indemnify and hold the Condominium Board…the Residential Board…and all other Unit Owners harmless from and against any liability, loss, cost, or expense arising therefrom" (*id*. at 99).

Subsection 6.7.2(e)(i) of the Residential bylaws similarly provides in pertinent part that:

> [a] Residential Unit Owner making, or causing…any Alteration shall be deemed to have agreed to indemnify and hold the Condominium Board, the Residential Board…and all other Unit Owners harmless from and against any liability, loss, cost, or expense arising therefrom, and from and against any and all loss, cost, expense (including, but not limited to, attorneys' fees and disbursements), damage, injury or liability, whether direct, indirect or consequential, resulting from, arising out of, or in any way connected with, any of the foregoing.

(*id*. at 201).

This subsection also makes unit owners responsible for any liability stemming from their noncompliance with "the provisions of any Laws insofar as the same relates to Alterations" (*id*.).

Each defendant answered the complaint and SBP later served an amended answer (NYSCEF Doc Nos. 227 to 234). Relevant to motion sequence 004 are the cross-claims asserted by all of the co-defendants against the Sanders for common-law indemnification; Pembrooke, Rael, STH, Ren, SBP, and Fresco assert cross-claims against the Sanders for contribution; and Fresco and STH assert cross-claims against the Sanders for contractual indemnification and breach of contract for failure to procure insurance.[3] SBP also asserted cross-claims against Pembrooke (and the other defendants) for common-law indemnification and contribution.

---

[3] The Sanders and SBP disagree as to the nature of SBP's cross-claim. In the moving papers, the Sanders characterize it as "a general, non-specific cross-claim for common law indemnification against all co-defendants" (NYSCEF Doc No. 225 ¶ 12). In opposition, SBP contends that the cross-claim covers "contribution, indemnification, and breach of contract" (NYSCEF Doc No. 274 ¶ 10). In reply, the Sanders mistakenly state that SBP did not assert any cross-claims against them (NYSCEF Doc No. 281). The court finds that the cross-claim sounds in contribution and common-law indemnification.

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**                                         **Page 7 of 20**
  **Motion No.  004 006**

7 of 20

After defendants answered, four third-party actions were commenced. By third-party complaint (NYSCEF Doc No. 309), STH sued Trzaska Construction Corp. (Trzaska) for common-law indemnification, contribution, and contractual indemnification/breach of contract. After Trzaska failed to appear in the action, STH was awarded a default judgment against it, with damages to be determined at trial (NYSCEF Doc No. 310).

By second third-party complaint (NYSCEF Doc No. 311), SBP sued I.J. Peiser's Sons, Inc. (IJPS) for negligence, breach of contract, common-law indemnification, contractual indemnification, and breach of contract for failure to procure insurance. IJPS answered the second third-party complaint (NYSCEF Doc No. 312).

By third third-party complaint (NYSCEF Doc No. 313), SBP sued Pembrooke, among others, for contribution, breach of contract, common-law indemnification, contractual indemnification, and breach of contract for failure to procure insurance. Instead of answering, Pembrooke filed the instant motion to dismiss the complaint.

Finally, by fourth third-party complaint (NYSCEF Doc No. 315), SBP sued G&R Floor Solution, Inc. for contribution and common-law indemnification. To date, G&R has not answered or appeared.

II. Standards of Review

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction," and the court must "accept the facts as alleged in the [pleading] as true, accord [the pleader] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see* CPLR § 3206). However, when the pleading's "legal conclusions and factual allegations are flatly contradicted by documentary evidence, they are not presumed to be true or accorded every

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**                **Page 8 of 20**
**Motion No.  004 006**

8 of 20

favorable inference, and the criterion becomes whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Morgenthow & Latham v Bank of N.Y. Co.,* 305 AD2d 74, 78 [1st Dept 2003] [internal quotation marks and citations omitted]).

Under that criterion and pursuant to CPLR § 3211(a)(1), the court must dismiss one or more causes of action where "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Liberty Sq. Realty Corp. v Doe Fund, Inc.*, 202 AD3d 55, 65 [1st Dept 2021] [internal quotation marks and citations omitted]). In addition, pursuant to CPLR § 3211(a)(7), the court must dismiss any cause of action where "the [pleader] fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Holder v Jacob*, 231 AD3d 78, 86 [1st Dept 2024] [citation omitted]).

When a defendant submits evidence to support dismissal, the "inquiry [changes] from whether the pleader has *stated* a cause of action to whether the pleader *has* a cause of action amenable to relief, or whether the defendant has a complete defense to the claims" (*id.* [citations omitted]). In this context, the court will grant dismissal when the evidence conclusively establishes defendant's defense as a matter of law (*id.*).

With respect to CPLR § 3211(a)(4), the court may dismiss any cause of action where "there is another action pending between the same parties for the same cause of action." However, the "court need not dismiss upon this ground but may make such order as justice requires" (*id.*).

III. Motion Sequence 004

A. American Home's Claims against the Sanders

"Subrogation is the principle by which an insurer, having paid losses of its insured, is placed in the position of its insured so that it may recover from the third party legally responsible

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**          **Page 9 of 20**
  **Motion No.  004 006**

9 of 20

[* 9]

for the loss" (*Blue Cross & Blue Shield of N. J., Inc. v Philip Morris USA Inc.,* 3 NY3d 200, 206 [2004] [citation omitted]). However, "[p]arties to an agreement may waive their insurer's right of subrogation" (*Aspen Am. Ins. v Newman*, 202 AD3d 613, 614 [1st Dept 2022]).

In *Aspen Am. Ins.*, a case that involved building damage allegedly caused by a fire that started in a defendant's condominium unit, the Appellate Division, First Department dismissed a complaint brought by the building's insurer against the unit owner (*id*. at 613). Critical to the decision was that "the condominium bylaws required the condominium to obtain [an insurance] policy containing a waiver of subrogation to the extent such a policy was obtainable" (*id*. at 613-614). Therefore, "because the policy issued by plaintiff allowed the condominium to waive subrogation, the bylaws required it to do so" (*id*. at 614).

The Court went further in *AIG Prop. Cas. Co. v Modi* (154 AD3d 552, 552 [1st Dept 2017]) where it dismissed a complaint brought by a unit owner's insurer on the ground that the insurance policy did not contain a subrogation waiver but the condominium's bylaws contemplated a waiver of subrogation.

In sum, an insurer cannot maintain an action where the insurance holder waived or was required to waive its right to subrogation (*State Farm Fire & Cas. Co. v Pulse Creative, LLC.,* 209 AD3d 570 [1st Dept 2022]).

Here, the Sanders argue that the subrogation claims against them must be dismissed as the Condominium and Residential bylaws contain several waivers of subrogation, and that the Alteration Agreement and its indemnification provisions do not supersede the subrogation waivers. They observe that the Condominium and Residential bylaws also contain provisions that pertain to the alteration of units and indemnification, and that 432 PAC procured insurance policies that "permitted [it] to waive the subrogation rights of the insurers prior to a loss" (NYSCEF Doc No.

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**
**Motion No.  004 006**

**Page 10 of 20**

10 of 20

225 ¶ 26; *see* NYSCEF Doc Nos. 244-247). The Sanders thus contend that the presence of the waiver and indemnity provisions in the bylaws establishes not only that those provisions coexist, but that the indemnity provisions in the Alteration Agreement do not supersede the insured's subrogation waivers.

In opposition, American Home concedes that the bylaws contain a waiver of subrogation (NYSCEF Doc No. 269, counsel's affirmation), but contends that the Alteration Agreement supersedes the bylaws to the extent that it permits the maintenance of the instant action against the Sanders for the claimed damages.

In reply, the Sanders argue that American Home's reliance on the Alteration Agreement is misplaced as it does not address, let alone supersede, the subrogation waivers (NYSCEF Doc No. 279).

A review of the cited paragraphs of the Alteration Agreement reveals that subrogation is not mentioned therein. Moreover, the same entity drafted both the Alteration Agreement and the building's bylaws, and thus, presumably, it may be inferred that it intentionally excluded the mention of subrogation from the Alteration Agreement (*see* 22 NY Jur 2d, Contract 209 [2024] [courts may not supply absent provision in contract; "ambiguity may not be imported, where none exists, for the purpose of extending the terms of a contract to include matters not specifically mentioned, whether the omission was deliberate or inadvertent through lack of prescience."]; *see also Dunn Auto Parts, Inc. v Wells*, 198 AD3d 1269, 1271 [4th Dept 2021] [based on maxim "expression unius est exclusio alterius, which applies to contracts, where "document describes the particular situations in which it is to apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded"]).

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**
**Motion No.  004 006**

**Page 11 of 20**

11 of 20

This conclusion is consistent with the policy rationale set forth in *Schiller v Community Tech., Inc.* (78 AD2d 762, 763 [4th Dept 1980]), in which the Court explained that subrogation waivers are designed to protect unit owners in the condominium setting:

> Most condominiums are insured not only by a master policy, covering the entire project, but also by policies covering the individual units…New York provides for master policies…without prejudice to the right of each unit owner to insure his own unit for his own benefit…The idea behind using both types of insurance is to provide coverage for the project as a whole, as well as for the individual unit owners. Of course, the use of various individual policies increases the risk that subrogation rights will be asserted by one of the insurers against a unit owner because the physical proximity and interdependence of the units makes it likely that damage from fire will extend beyond any one unit…Obviously, subrogation in this situation is undesirable because it jeopardizes the collective resources. *Viewing the condominium as a whole, there would in effect be no insurance if subrogation were permitted, since the loss would ultimately fall on the careless unit owner.*

(*id.* at 763 [internal quotation marks and citations omitted] [emphasis added]).

Moreover, this court reached the same result in another action arising from the same building and fire as here (*Privilege Underwriters Reciprocal Exch., as subrogee of Thomas Peterffy and 432 Park Avenue #84A LTD. v SBP N.Y., LLC et al* , 2024 NY Slip Op 32217[U] [Sup Ct, NY County 2024]), finding that "the bylaws [] conclusively establish a defense to plaintiff's subrogation claims" (*id*. at *4).

Finally, American Home argues that the motion must be denied as the Sanders admit, in their memorandum of law, that they are liable for 432 PAC's insurance deductible. In reply, the Sanders note that the complaint does not contain a cause of action for the insurance deductible, nor does it state that 432 PAC assigned to American Home its right to seek recovery for it. In any event, Section 11.9 of the bylaws includes language waiving 432 PAC's right to recover the insurance deductible (*see* pg. 8, *supra*).

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**                    **Page 12 of 20**
**Motion No.  004 006**

12 of 20

Therefore, the Sanders establish that the documentary evidence - i.e. the Condominium bylaws and Residential bylaws - conclusively establish a defense to American Home's causes of action against them.

B. The Cross-Claims against the Sanders

Initially, it is necessary to address three procedural issues. First, Pembrooke and Rael did not submit opposition to the motion, and therefore their cross-claims against the Sanders must be dismissed (*Saidin v Negron*, 136 AD3d 458, 458 [1st Dept 2016] [holding that "[p]laintiff abandoned his claim…by failing to oppose that part of the motion to dismiss the claim as against him"]).

Second, though Fresco's counsel did not sign his affirmation (NYSCEF Doc No. 276), the court disregards the defect and considers the substance of that opposition (*see* CPLR § 2001).

Third, although a stipulation dated June 27, 2023 (NYSCEF Doc No. 253) set August 28, 2023 as the date for filing opposition, the court accepts the opposition from Ren and SBP that was filed August 29, 2023 (NYSCEF Doc Nos. 273 and 274, respectively) as the Sanders were able to reply to it (*see Sanchez v Steele*, 149 AD3d 458, 458 [1st Dept 2017] [finding that "[t]he motion court providently exercised its discretion in accepting plaintiffs' untimely opposition papers, since defendants did not demonstrate any prejudice and were able to submit reply papers"]).

As to the cross-claims for common-law indemnification and contribution, they must be dismissed as the co-defendants' pleadings do not allege any facts which would give rise to a duty that the Sanders owed them and which would establish that the Sanders committed a negligent act or omission (*Ramos v 200 W. 86 Apts. Corp.,* 179 AD3d 473, 473 [1st Dept 2020]; *see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 378 [2011] [duty imposed on those who actually supervised the work]).

152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC
Motion No.  004 006

Page 13 of 20

Thus, what remains are Fresco's and STH's cross-claims for contractual indemnification and breach of contract. The existence of a contract is the first element of a breach of contract claim (*Noto v Planck*, *LLC*, 228 AD3d 516, 516 [1st Dept 2024]). "In order to state a cause of action to recover damages for a breach of contract, the [pleading's] allegations must identify the provisions of the contract that were breached" (*34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022] [citation omitted]). Likewise, in order to state a cause of action to recover damages for contractual indemnification, the pleading must allege the existence of a contract containing an indemnity provision (*see DiBrino v Rockefeller Ctr. N., Inc.,* 230 AD3d 127, 136 [1st Dept 2024]).

Here, the cross-claims must be dismissed as none of the co-defendants identify the contract that the Sanders allegedly breached.

Finally, although the court has discretion to deny this branch of the motion if "it appear[s] from affidavits submitted in opposition…that facts essential to justify opposition may exist but cannot then be stated" (CPLR § 3211 [d]), there is no basis to exercise such discretion here.

By their respective affirmations in opposition, Ren and SBP essentially argue that the motion should be denied as discovery is not complete, particularly due to the recent filing of IJPS's answer in the second third-party action. However, they fail to identify the information that the discovery may reveal or how it could defeat the Sanders's motion.

Similarly, STH does not raise a convincing argument in opposition as it only states that "a new party was recently added to the litigation[,] [d]iscovery is ongoing and the issue [of the Sanders's] liability remains outstanding" (NYSCEF Doc No. 272, counsel's affirmation ¶ 4). In sum, "[defendants'] assertion that discovery is necessary in order to oppose [the Sanders's] motion is based on nothing more than unsubstantiated hope of discovering something relevant to [their]

152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC
Motion No.  004 006

Page 14 of 20

14 of 20

claims, and is an insufficient reason to deny the motion" (*Leonard v Gateway II, LLC*, 68 AD3d 408, 410 [1st Dept 2009]; *see Freeman v Brecher*, 155 AD3d 453, 454 [1st Dept 2017]).[4]

IV. Motion Sequence 006

Pembrooke moves to dismiss the first cause of action for contribution pursuant to CPLR § 3211(a)(4), the third cause of action for common-law indemnification pursuant to CPLR § 3211(a)(7), and the fourth, fifth, and sixth causes of action for contractual indemnification, breach of a contract to procure insurance, and general breach of contract, all pursuant to CPLR § 3211(a)(1).

A. The Contribution Claim

Pembrooke argues that the court should dismiss SBP's third third-party contribution claim as duplicative of SBP's contribution cross-claim in the underlying action (NYSCEF Doc No. 305, counsel's affirmation). Pursuant to CPLR § 1403, "[a] cause of action for contribution may be asserted in a separate action or by cross-claim, counterclaim or third-party claim in a pending action" (CPLR § 1403). The statute makes clear that SBP has the right to seek contribution via a cross-claim or third-party cause of action, not both.

Anticipating the dismissal of the third third-party contribution cause of action, SBP requests that the court conform the contribution cross-claim in the underlying action to encompass the allegations in the third third-party complaint (NYSCEF Doc No. 331, mem of law). However, Pembrooke notably did not move to dismiss the contribution cause of action for failure to state a cause of action, and SBP is not precluded from moving to amend the contribution cross-claim.

---

[4]     Fresco did not argue that the motion should be denied due to pending discovery.

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**
**Motion No.  004 006**

**Page 15 of 20**

B. The Common-Law Indemnification Claim

The purpose of common-law indemnification is "the shifting of a loss because failure to do so would result in the unjust enrichment of one party at the expense of another" (*Matter of Part 60 RMBS Put-Back Litig.,* 195 AD3d 40, 54 [1st Dept 2021]). It "is generally available in favor of one who is held responsible solely by operation of law because of his relation to the actual wrongdoer" (*McCarthy*, 17 NY3d at 375 [internal quotation marks and citation omitted]).

Therefore, "[a] party sued solely for its own alleged wrongdoing, rather than on a theory of vicarious liability, cannot assert a claim for common law indemnification" (*Esteva v Nash*, 55 AD3d 474, 475 [1st Dept 2008] [citation omitted]; *63rd & 3rd NYC LLC v Advanced Contr. Solutions, LLC*, 223 AD3d 447, 449 [1st Dept 2024] ["As the pleadings fail to allege facts to indicate third-party plaintiffs might potentially be vicariously liable, the third-party claims for common-law indemnification fail and must be dismissed"]).

Here, Pembrooke argues that SBP's complaint cannot and does not assert a claim for common-law indemnification against it as American Home sued SBP for its own wrongdoing. A review of American Home's complaint reflects that it sued SBP and Pembrooke for negligence and breach of contract, and alleged that each defendant's conduct was the direct and proximate cause of American Home's loss. It specifies numerous failures by defendants which allegedly caused it to sustain damages.

With respect to the third third-party complaint, it alleges that the Sanders retained Pembrooke "to perform Interior Design Services and related services for the renovation project" (NYSCEF Doc No. 313 ¶ 49), and that Pembrooke retained STH and Fresco "to perform Painting and related work" in connection with the project, and that Mr. Sanders retained SBP "to provide services for a portion of the renovation project" (*id*. at ¶¶ 50, 52, and 55; *see* exhibit E, SBP

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**
**Motion No.  004 006**

**Page 16 of 20**

16 of 20

Agreement dated April 19, 2017). As for the common-law indemnification cause of action, the pleading asserts, among other things, that "[i]f the plaintiffs sustained the damages alleged in [American Home's] complaint such damages were caused by the carelessness, negligence, fault, want of care, breach of agreement or contract, and breach of obligations of Third-Third-Party Defendants [including Pembrooke]…and not due to any negligence of SBP" (*id.* ¶ 67).

Construed liberally, the third third-party complaint states a theory of vicarious liability such that dismissal of the cause of action is unwarranted, as the underlying complaint does not solely assert that SBP is liable to American Home for its own actions; it also asserts that SBP is vicariously liable to American Home for the actions of its co-defendants, including Pembrooke.

C. The Contract-Related Claims

As background to these claims, it is undisputed that the Pembrooke Proposal (Proposal) is signed by Pembrooke's president but not signed by the Sanders. SBP contends that the Proposal is nevertheless an enforceable contract as Pembrooke signed it, performed services under its terms, and received payment for those services. Pembrooke argues that this discussion is irrelevant to the issues at hand (NYSCEF Doc No. 342), observing that the Sanders had not yet retained SBP when the Proposal was signed by Pembrooke.

Against this background, the court turns to SBP's third third-party claim for contractual indemnification. "Indemnification provisions are strictly construed and a promise to indemnify 'should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances'" (*Madison Hospitality Mgt. LLC v Acacia Network Hous., Inc.,* 230 AD3d 1063, 1063 [1st Dept 2024] quoting *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]).

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**
**Motion No.  004 006**

**Page 17 of 20**

Where an entity is not a party to a contract, the entity can still establish an "entitlement to contractual indemnification…from its capacity as a third-party beneficiary of the contract" between other parties (*Hernandez v Ten Ten Co.*, 102 AD3d 431, 433 [1st Dept 2013]), and it must show "that a valid and binding contract exists between other parties, that the contract was intended for [its] benefit, and that the benefit was direct rather than incidental" (*Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 368 [1st Dept 2006]). Moreover, "the identity of a third-party beneficiary need not be set forth in the contract or, for that matter, even be known as of the time of its execution" (*MK W. St. Co. v Meridien Hotels*, 184 AD2d 312, 313 [1st Dept 1992]; *CB v Howard Sec.*, 158 AD3d 157, 166 [1st Dept 2018]).

In this case, the third third-party complaint alleges that SBP is entitled to contractual indemnification based on the indemnification provision in the Pembrooke Proposal, which provides that "[t]o the fullest extent permitted by law Designer shall indemnify, defend and hold harmless Client and their respective partners…employees, agents, *contractors*…from and against all claims, damages, losses and expenses…arising out of or resulting from [Designer's] negligent acts or omissions…in the performance of the Services required under this Agreement" (NYSCEF Doc No. 313, exhibit C, Sec. F ¶ 26 [emphasis added]). The Proposal also expressly states that "Client will retain the services of the general contractor and pay contractor directly" (*id.*, Sec. D, Subsec. "Construction Administration" at 74). Thus, contrary to Pembrooke's assertion, the indemnification provision does not conclusively establish that SBP is not an intended third-party beneficiary of the contract.[5]

---

[5] The court notes that Pembrooke's affirmation describes SBP as the general contractor and as the construction manager/general contractor.

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**
**Motion No.  004 006**

**Page 18 of 20**

[* 18]

For the same reason, SBP's breach of contract claim need not be dismissed - if the indemnification provision covers SBP, then SBP can pursue its breach of contract claim predicated on Pembrooke's alleged negligent performance of services under the Proposal.

Finally, SBP's third third-party claim for breach of contract for failure to procure insurance is dismissed as the Pembrooke Proposal did not "expressly and specifically state a requirement that [Pembrooke] name [any other entity] as an additional insured under an insurance policy" (*Nicholson v Sabey Data Ctr. Props., LLC*, 160 AD3d 587, 587 [1st Dept 2018] [internal quotation marks omitted]).

To the extent not specifically addressed herein, the court has considered the parties' remaining contentions and finds them unavailing.

## V.    CONCLUSION

Accordingly, it is hereby

ORDERED, that the motion by defendants Lewis A. Sanders and Alice Sanders (motion sequence 004) is granted and that the claims and cross-claims against them are severed and dismissed; and it is further

ORDERED, that the motion by third third-party defendant Pembrooke & Ives, Inc. (motion sequence 006) is granted to the extent that the claims for contribution and breach of contract for failure to procure insurance (the first and fifth causes of action, respectively) as against Pembrooke & Ives, Inc. are severed and dismissed, and the motion is otherwise denied; and it is further

ORDERED, that the clerk is directed to enter judgment accordingly; and it is further

ORDERED, that within 30 days of entry, Lewis A. Sanders and Alice Sanders shall serve a copy of this decision and order upon all parties with notice of entry; and it is further

152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC
Motion No.  004 006

Page 19 of 20

[* 19]

ORDERED, that Pembrooke & Ives, Inc. is directed to file and serve an answer in the third third-party action within 30 days after service of the decision and order with notice of entry; and it is further

ORDERED, that the remaining parties appear for the previously scheduled status conference on May 18, 2025, at 9:30 a.m. at 71 Thomas Street, Room 305, New York, New York.

20241223111225DBCOHEN1234CBEC149E4A1D90FF7DF21B33592D

| **12/23/2024** | | | | **DAVID B. COHEN, J.S.C.** | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**152177/2019   AMERICAN HOME ASSURANCE vs. SBP NEW YORK, LLC**
**Motion No.  004 006**

**Page 20 of 20**

20 of 20